1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSEPH JOHN,                                No. 2:20-cv-0984-EFB P

12                 Plaintiff,

13         v.                                     ORDER

14    Z. HUGHES, et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to

18    42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19    U.S.C. § 636(b)(1).  Plaintiff has also filed an application to proceed in forma pauperis.  ECF

20    Nos. 2, 4.

21         I.    Request to Proceed In Forma Pauperis

22         Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25    § 1915(b)(1) and (2).

26         II.   Screening Requirement and Standards

27         Federal courts must engage in a preliminary screening of cases in which prisoners seek

28    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

III.    Analysis

Plaintiff alleges the following in his complaint.  He claims that, on December 17, 2016, defendant Hughes, a correctional officer, escorted plaintiff from an exercise yard back to his cell.

/////

2

Plaintiff expressed concern to Hughes about being walked, while in handcuffs, through a large yard full of inmates.  Hughes assured plaintiff that he would protect him.  He took plaintiff through the yard with a firm grip on plaintiff's right arm.  But when inmates ran toward plaintiff aggressively, Hughes released his hold on plaintiff and took several steps away, leaving plaintiff fully exposed.  Plaintiff was assaulted for about a minute, and Hughes did nothing to protect him or stop the attack, which ended when other officers arrived and separated the combatants.

Plaintiff later overheard Hughes telling coworkers that plaintiff "got his ass kicked real good" while Hughes "got the fuck out of the way."  When plaintiff confronted Hughes, Hughes told him, "You got what you had coming to you."

Similar attacks had happened at the prison in the past, and defendant Baughman, the warden, had promised to fix the problem.  But plaintiff was nevertheless attacked.

Plaintiff filed a grievance against Hughes.  He alleges that defendant Heise, who reviewed the grievance at the second level of review, somehow tampered with the grievance, preventing it from reaching the third (and final) level of review.

Prison officials are obligated by the Eighth Amendment to take reasonable measures to protect prisoners from violence by other prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To state a failure-to-protect claim against an official, an inmate must allege: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the official was deliberately indifferent to his safety.  *Id.*  "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety.  *Id.* at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*

Liberally construed, and for the purposes of § 1915A screening only, plaintiff has stated a potentially cognizable Eighth Amendment claim against defendant Z. Hughes.  He has not stated cognizable claims against defendants Baughman or Heise for the reasons that follow.

Defendant Baughman was the warden of plaintiff's institution of incarceration (California State Prison, Sacramento) at the time of the events alleged in the compliant.  Liability may be imposed on a supervisor under § 1983 if (1) the supervisor personally participated in the

3

deprivation of constitutional rights, or (2) the supervisor knew of the violations and failed to act to prevent them, or (3) the supervisor implemented a policy "so deficient that the policy itself 'is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991).   As it stands, the complaint has no facts showing Baughman's personal participation in or knowledge of the inmate attack or Hughes's failure to protect plaintiff.   Nor does the complaint allege that Baughman implemented a deficient policy that resulted in the attack or Hughes's failure to protect plaintiff.   Plaintiff's vague claim that Baughman promised to "fix the problem" after similar attacks had happened is not enough to show that whatever steps Baughman took, or failed to take, were so deficient as to be the moving force of the incident.   Accordingly, plaintiff's claim against Baughman will be dismissed with leave to amend.

Plaintiff's allegations against Heise are somewhat vague and it is not clear what harm Heise caused plaintiff.   In addition, the U.S. Court of Appeals for the Ninth Circuit has indicated that the improper processing of an inmate appeal does not give rise to a constitutional claim (although it may be a basis for excusing plaintiff from exhausting his grievance).   *Larkin v. Watts*, 300 F. App'x 501, 502 (9th Cir. 2008); *see Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Plaintiff may choose to proceed only with his claim against defendant Hughes. Alternatively, he may choose to amend his complaint to state (if he can) a cognizable claim against defendants Baughman and Heise.

The court cautions plaintiff that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.   *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   Plaintiff may also include any allegations based on state law that are so closely to his federal allegations that "the form the same case or controversy."   *See* 28 U.S.C. § 1367(a).

4

1    The amended complaint must also contain a caption including the names of all defendants.

2    Fed. R. Civ. P. 10(a).

3    Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

4    *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring multiple, unrelated claims

5    against more than one defendant.  *Id.*

6    Any amended complaint must be written or typed so that it is complete in itself without

7    reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

8    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

9    earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

10    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

11    being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

12    1967)).

13    Any amended complaint should be as concise as possible in fulfilling the above

14    requirements.  Red. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

15    background which has no bearing on his legal claims.  He should also take pains to ensure that his

16    amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

17    and organization.  Plaintiff should carefully consider whether each of the defendants he names

18    actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

19    which plaintiff names dozens of defendants will not be looked upon favorably by the court.

20    IV.    Order

21    Accordingly, it is ORDERED that:

22    1.    Plaintiff's motion to proceed in forma pauperis is GRANTED.

23    2.    Plaintiff's complaint alleges, for screening purposes, a potentially cognizable

24         Eighth Amendment claim against defendant Z. Hughes.

25    3.    All other claims are dismissed with leave to amend within 30 days of service of

26         this order. Plaintiff is not obligated to amend his complaint.

27    4.    Within thirty days plaintiff shall return the notice below advising the court whether

28         he elects to proceed with the claim recognized by this order as potentially

5

cognizable or whether he intends to file an amended complaint.  If the former option is selected and returned, the court will enter an order directing service at that time;

5.    Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  September 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH JOHN,                          No.  2:20-cv-0984-EFB P

12              Plaintiff,

13        v.                               NOTICE OF INTENT TO PROCEED OR
                                           AMEND
14   Z. HUGHES, et al.,

15              Defendants.

16

17        In accordance with the court's Screening Order, plaintiff hereby elects to:

18

19
     (1)  _____    proceed only with his claim against defendant Hughes;
20

21
OR
22
     (2)  _____    delay serving any defendant and file an amended complaint.
23

24

25   _____

26                                          Plaintiff

27   Dated:

28

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28